UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
NORTH CAROLINA

| | |
|---|---|
| MICHAEL SWEAT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUCOR CORPORATION,<br><br>Defendant. | Case No: 3:25-cv-00478-MOC-SCR<br><br>[PROPOSED] AMENDED ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, (the "Motion"), the terms of which are set forth in a Settlement with accompanying exhibits attached as Exhibit 1-3. The Court refers to the proposed Settlement as the "Settlement".[1] Having fully considered the issue, the Court hereby GRANTS the Motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**.

The Settlement provides for a Settlement Class defined as follows:

All individuals to whom Nucor sent notice relating to the Data Incident and the recipients' personal information.

Excluded from the Settlement Class are all those persons who timely and validly request exclusion from the Settlement Class, as well as: (i) officers and directors of Nucor and/or the Related Entities and (ii) the members of the judiciary who have presided or are presiding over this matter and their families and staff.

---

[1] All defined terms herein have the same meaning as set forth in the Settlement.

For purposes of settlement only, and pursuant to Civil Procedure Rule 23, the Court provisionally certifies the Settlement Class. Pursuant to Federal Rule of Civil Procedure, Rule 23 and related state authority, the Court finds that giving notice is justified.[2]

The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because, for settlement purposes only, the Settlement Class meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable, (b) there are issues of law and fact that are common to the Settlement Class, (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiff has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class, (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **<u>Settlement Class Representative and Settlement Class Counsel</u>**.

For the purposes of settlement only, the Court finds that Class Representative Michael Sweat will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representative. Additionally, for purposes of settlement only, the Court finds

---

[2] All citations to Rule 23 hereafter refer to the Federal Rules of Civil Procedure.

that Scott Edward Cole of Cole & Van Note will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

   3.   **Preliminary Settlement Approval**.

Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing the Notice to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the information that was exchanged, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

   3.   **Jurisdiction**.

The Court has subject matter jurisdiction and personal jurisdiction over the parties before it. Additionally, venue is proper in this District.

   4.   **Final Approval Hearing**.

A Final Approval Hearing shall be held on _____, 2026, at _____, either via telephone, videoconference or in-person at the United States District Court for the Western District of North Carolina, located at 100 Otis Street, Asheville, North Carolina. It shall then be determined, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3), (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e), (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement, (d) Settlement Class Members should be bound by the releases set forth in the Settlement, (e) the

application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Service Award should be approved pursuant to Fed. R. Civ. P. 23(h), and (f) the application of the Class Representative for a Service Award should be approved.

5. **Settlement Administrator**.

The Court appoints RG/2 Claims as the Settlement Administrator, with responsibility for class notice and claims administration. The Settlement Administrator is directed to perform all tasks the Settlement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement.

6. **Notice**.

The proposed Notice Program set forth in the Settlement and the Notices and Claim Form attached to the Settlement as Exhibits 1-3 are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties and without further order of the Court.

7. **Findings Concerning Notice**.

The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Program and the Settlement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice, (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e),

and the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice in conformance with the Settlement.

8. **Exclusion from Class**.

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request to opt out of the Settlement to the address and in the manner provided in the Notice. Such opt-out requests must meet the Opt-Out Period established by this order and stated in the Notice.

For an opt-out request to be properly completed and executed, subject to approval by the Court, it must be personally signed by the Settlement Class Member and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any individual in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of this Settlement even if he or she does not submit a Valid Claim.

If the final judgment and Final Approval Order are entered, any Settlement Class Member who has not submitted a timely, valid written opt-out request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, including but not limited to the release set forth in the Final Approval Order. Settlement Class Members who submit valid and timely opt-out requests for exclusion shall not be entitled to receive any benefits from the Settlement.

9. **<u>Objections and Appearances</u>**.

A Settlement Class Member who does not file a valid and timely request to opt-out of the Settlement may file with the Court an objection to the Settlement. The Long Form Notice shall instruct Settlement Class Members who wish to object to the Settlement to send their written objections only to the Court. The Long Form Notice shall make clear that the Court can only grant or denial approval of the Settlement and cannot change the terms. The Long Form Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Settlement must be written and must include all of the following:

  a. the name of this Action (*Michael Sweat v. Nucor Corporation*, Case No. 3:25-cv-00478-MOC-SCR);

  b. the objector's full name, mailing address, telephone number, and email address (if any);

  c. the specific reasons for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

  d. information identifying the objector as a Settlement Class Member, including proof that he/she is a member of the Settlement Class;

  e. the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

  f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to

the Settlement and/or Application for Attorneys' Fees, Costs, and Service Award;

   g. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

   h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

   i. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

   j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

   k. the objector's signature (an attorney's signature is not sufficient).

To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Period. Any Settlement Class Member who fails to comply with the provisions in this order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order if entered.

12. **Claims Process**.

The Settlement is a claims-made settlement. Class Counsel and Nucor have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit Valid Claims. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order.

13. **Termination of Settlement**.

This order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this order and before they entered the Settlement, if: (a) the Court does not enter this Preliminary Approval Order, (b) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement, (c) the Effective Date has not occurred or (4) the number of opt-outs is greater than 5% of the Settlement Class and Nucor has elected to terminate the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement nor the Court's orders, including this order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**.

This order shall be of no force or effect if the Final Approval Order is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Nucor of any fault, wrongdoing, breach, or liability, or that certification of any class in this matter is warranted or appropriate. Nor shall this order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

16. **Continuance of Hearing**.

The Court may adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17. **Stay of Action.**

All proceedings in the Action other than those related to approval of the Class Settlement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending final approval of the Settlement.

18. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

## SETTLEMENT TIMELINE

| Grant of Preliminary Approval | _____, 2025 |
|---|---|
| Notice Date | To begin 30 days after grant of preliminary approval. |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Motion for Final Approval | 50 days after Notice Date |
| Final Approval Hearing | _____, 2026 |

SO ORDERED.

Dated: _____    By: _____

                                                   Hon. Max O. Cogburn, Jr.
                                                   UNITED STATES DISTRICT COURT JUDGE