UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
NORTH CAROLINA

| | |
|---|---|
| MICHAEL SWEAT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NUCOR CORPORATION,<br><br>Defendant. | **Case No: 3:25-cv-00478-MOC-SCR**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** |

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 23(h) and 54(d)(2) and this Court's Preliminary Approval Order (Doc. 19) Plaintiff seeks approval of: (a) Attorneys' Fees and Costs in the amount of $100,000 and (b) a Service Award of $2,000 for Representative Plaintiff Michael Sweat. These payments are consistent with the terms of the preliminarily approved Settlement Agreement ("SA"). Defendant does not object to the relief requested in this Motion.

## II. CASE SUMMARY

### A. Procedural Posture

This matter arises from an incident whereby Plaintiff Michael Sweat ("Plaintiff") alleges an unauthorized third-party was able to gain access to Defendant Nucor Corporation's ("Defendant") computer network, which Defendant first discovered on or about May 13, 2025, and removed certain files containing sensitive information stored therein. ECF No. 1, ¶¶ 1-5. The information compromised in the incident potentially included names and Social Security numbers. *Id.* ¶ 5.

### B. History of Negotiations

The Parties engaged in informal discovery to help facilitate resolution discussions. *See* Mark T. Freeman's Declaration in Support of Plaintiff's Motion For Approval of Attorneys' Fees, Costs and Service Award ("Freeman Decl.") ¶ 4. After months of negotiations, the Parties were able to reach an agreement, which if approved by the Court, will resolve all claims in the litigation. *Id.* ¶ 5. They further agreed that RG/2 Claims Administration LLC would best serve as Settlement Administrator. The Parties continued drafting and finalizing the Settlement Agreement and proposed exhibits. The Settlement Agreement was fully executed by all Parties as of November 5, 2025. *Id.* ¶ 5.

The negotiations leading to the settlement were contentious and hard-fought, with Plaintiff's Counsel and Defendant's Counsel each advocating for the best interests of the Class and Defendant, respectively. *Id.* ¶ 5. The resulting settlement reflects an agreement reached at arm's length, in good faith, and free of any collusion. *Id.* ¶ 5. Based upon their independent analysis, and recognizing the risks of continued litigation, counsel for Plaintiff believes that the proposed settlement is fair, reasonable, and adequate, and is in the best interest of Plaintiff and the proposed Settlement Class. *Id.* ¶ 7. Although Defendant denies liability, it likewise agrees that settlement is in the Parties' best interests.

The resulting Settlement Agreement provides substantial benefits to the Settlement Class, eliminates the costs and burdens of continued litigation and fully accomplishes Plaintiff's goals in this Action.

## III. ARGUMENT

For the reasons set forth below, the Requested Fee and Expense Award and Service Award are reasonable and should be granted.

### A. The Class Has Received Reasonable Notice of the Requested Fee and Costs Award and Service Award, and Has Been Given a Reasonable Opportunity to Object

Fed. R. Civ. P. 23(h)(1) provides that "[n]otice of the motion [for an award of attorneys' fees and costs] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Class Counsel provided reasonable notice of this Motion through direct notice efforts, and Class Members have an opportunity to object to this motion.

Here, the long form notice, which is posted on the Settlement Website, plainly indicated that Class Counsel would seek attorneys' fees and costs of up to $100,000, and $2,000 as a service award for the Plaintiff.

The schedule approved by the Court requires Class Counsel to file their Motion for an Award of Attorneys' Fees and Reimbursement of Costs at least 35 days in advance of the initial scheduled Final Approval Hearing. The deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement is 25 days in advance of the initial scheduled Final Approval Hearing. As such, Class Members have 10 days after the filing of this motion to lodge any objections to the requested fees, expenses, and service awards. Class Members will be able to view this motion for fees, expenses, and service awards on the Settlement website.

### B. Legal Standards for Fee and Cost Awards

"In a certified class action, the court may award reasonable attorney's fees and . . . costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "There are two main methods for calculating the reasonableness of attorneys' fees—the lodestar method and the percentage-of-recovery method." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022). "The lodestar method calculates reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate." *Id*. (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). "The percentage-of-recovery method considers the portion of the total settlement fund that will go

to attorneys' fees." *McAdams*, 26 F.4th at 162. "A district court may choose the method it deems appropriate based on its judgment and the facts of the case." *Id.* at 163.

Here, in the Settlement Agreement, the Parties agreed that Class Counsel will move the Court for an Order awarding attorneys' fees and costs of $100,000. As explained below, the use of the lodestar method is appropriate in this case where Class Members are paid according to claims submitted. Regardless of the method used by the Court, the fee should be approved.

### C. The Lodestar Method Confirms the Reasonableness of the Attorneys' Fees Award

"The Supreme Court has indulged a 'strong presumption' that the lodestar number represents a reasonable attorney's fee. The Court recently explained that this presumption can only be overcome 'in those rare circumstances where the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *McAfee v. Boczar*, 738 F.3d 81, 88-89 (4th Cir. 2013) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). The Fourth Circuit considers lodestar along with relevant factors to determine a reasonable award:

> The proper calculation of an attorney's fee award involves a three-step process. First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Id.* at 243-44. Next, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 244. Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

*McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). Plaintiff submits that the proposed fee award is reasonable under this three-step process.

The Fourth Circuit utilizes the factors identified in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) in determining whether a fee is reasonable. *McAfee v.*

*Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) ("To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*). These factors are discussed here.

### 1. Time and Labor Required

"The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Class Counsel devoted a cumulative 170 hours prosecuting and resolving the lawsuit from its inception in July 2025. Freeman Decl. ¶ 10. The time expended by Class Counsel was necessary to obtain this recovery, and to consummate this Settlement. Class Counsel labored to file complaints and engaged in months of litigation that included research, informal discovery, and arms-length negotiations with Counsel for Defendant until Settlement was reached. The time expended was reasonable based on the needs of the case and ultimately resulted in a highly favorable Settlement for the benefit of the Class. This factor weighs in favor of the requested fee.

### 2. Novelty and Difficulty of the Questions

This matter affects the rights of around 3,000 persons whose data was impacted in the Data Incident and is a complex piece of litigation with many potential pitfalls. This case involved complex issues in the novel and evolving area of data breach litigation. *See Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases... are particularly risky, expensive, and complex."). As other Courts have recognized, "Cases of first impression generally require more time and effort on the attorney's part." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). Defendant has consistently denied the allegations raised by Plaintiff and made it clear at the outset that it would

vigorously defend the case. While Plaintiff has arguments and authorities that can support his allegations, the number of issues in this case, which centers on a developing area of the law—data breach litigation—creates uncertainty.

Due at least in part to the cutting-edge nature of data protection technology and rapidly evolving law, data breach cases like this one face substantial hurdles—even just to make it past the pleading stage. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060(RMB)(RLE), 2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting data breach cases dismissed at the Rule 12(b)(6) or Rule 56 stage). Should litigation continue, Plaintiff would face the hurdle of obtaining class certification. *See, e.g., In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21 (D.Me. 2013) (denying class certification in data breach class action). Though they strongly believe in the merits of their claims, Plaintiff and Class Counsel acknowledge that proving causation and damages in the emerging area of data breach cases can be difficult and is by no means guaranteed. *See, e.g., Southern Independent Bank v. Fred's, Inc.*, No. 2:15-CV-799-WKW, 2019 WL 1179396, at *8 (M.D.Ala. Mar. 13, 2019) (holding under Daubert motion that causation was not met for class certification purposes in data security breach case); *In re TJX Cos. Sec. Breach Litig.*, 246 F.R.D. 389, 398 (D.Mass. Nov. 29, 2007) ("[T]he need for individualized damages decisions does not ordinarily defeat predominance where there are … disputed common issues as to liability.") (quoting *Tardiff v. Knox Co.*, 365 F.3d 1, 6 (1st Cir. 2004)). Continued litigation further would require formal discovery, depositions, expert reports, maintaining class certification throughout trial and summary judgment, as well as possible appeals (interlocutory and/or after the merits), which would require additional rounds of briefing and the possibility of no recovery at all.

While Plaintiff is confident in the strength of his claims, he is also pragmatic in his

awareness of the various defenses available to Defendant, as well as the risks inherent to continued litigation. Through the Settlement, Plaintiff and Settlement Class Members gain significant benefits without having to face further risk of not receiving any relief at all, at some point likely far in the future. *In re Viropharma Inc. Sec. Litig*., 2016 WL 312108, at *16 (E.D.Pa. Jan. 25, 2016) (settlement ensures recovery now, rather than the "speculative promise of a larger payment years from now."). Given the high degree of novelty and difficulty, as well as uncertainty in this case, this factor weighs in favor of granting this fee request.

**3. Skill Required to Perform the Legal Service**

Class Counsel vigorously represented the Settlement Class and will continue to do so through Final Approval. Freeman Decl. ¶¶ 5, 11. To date, proposed Class Counsel has been actively involved in the bulk of the case, thoroughly investigated the key facts of the case, engaged in informal discovery, and engaged in months of combative negotiations with Defendant to create a comprehensive Settlement Agreement. *Id.* ¶ 5.

Furthermore, the Settlement Agreement was obtained by Class Counsel without the benefit of findings from any government investigation. There has been no publicly announced action by any federal or state authorities relating to this data breach. "There is no contention, by objectors or otherwise, that the settlement could be attributed to work done by other groups, such as government agencies." *Esslinger v. HSBC Bank Nevada, N.A.*, No. CIV.A. 10-3213, 2012 WL 5866074, at *14 (E.D. Pa. Nov. 20, 2012). This factor weighs in favor of the requested fee.

**4. Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case**

Class Counsel litigated this case months and invested a cumulative 170 hours into litigating this case. This time could have been spent on other employment opportunities and given the contingent nature of this case, has so far been spent entirely without compensation. Freeman Decl.

¶ 10. Accordingly, this factor supports the Requested Fee and Expense Award.

**5. Customary Fee**

Class Counsel has spent a reasonable amount of time at a reasonable rate on this matter. "The customary fee for similar work in the community should be considered." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). Here, the fees of partners, associate attorneys and professional staff are the same as their standard hourly rates charged to paying clients on non-contingent matters and are in accord with the prevailing rates for class action and complex commercial litigation in the relevant legal markets (i.e. the national market for data breach litigation). Freeman Decl. ¶ 10. *See In re Novant Health, Inc.*, No. 1:22-CV-697, 2024 U.S. Dist. LEXIS 107949, at *31 (M.D.N.C. June 17, 2024) ("To decide a reasonable billing rate, courts look to the prevailing market rates... Courts often recognize national market rates when deciding reasonable billing rates for complex class action litigation."); *Animal Legal Def. Fund v. Lucas*, No. CV 2:19-40, 2021 WL 4479483, at *1 (W.D. Pa. Sept. 30, 2021) ("[T]he attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested."). *See also In re Capital One Consumer Data SEC Breach Litig.*, No. 1:19-md-2915 (AJT/JFA), 2022 U.S. Dist. LEXIS 213070, at *12-13 (E.D. Va. Nov. 17, 2022) (Attorneys fee award amounted to an "average hourly rate of $583.46, which the Court finds reasonable"); *Johnson v. Palms Assocs., LLC*, No. 1:20-cv-1049, 2023 U.S. Dist. LEXIS 144615, at *11 (M.D.N.C. Aug. 16, 2023) (approving an average hourly rate of $550.83).

Class Counsel's current collective lodestar, already at just an average of $92,636 at a loadstar multiplier of almost 1. Freeman Decl. ¶ 10. The multiplier is much lower than multipliers commonly awarded in the Fourth Circuit. *McCune v. Faneuil Inc.*, No. 4:23cv41, 2024 U.S. Dist. LEXIS 144184, at *19 (E.D. Va. Aug. 13, 2024) (approving lodestar multiplier of 1.95); *Kruger*

*v. Novant Health, Inc.*, No. 1:14-cv-208, 2016 U.S. Dist. LEXIS 193107, 2016 WL 6769066, at *5 (M.D.N.C. Sept. 29, 2016) (approving lodestar multiplier of 3.69); *In re Genworth Fin. Secs. Litig.*, 210 F. Supp. 3d 837, 845 (E.D. Va. 2016) (approving lodestar multiplier of 1.97 and observing that "[d]istrict courts within the Fourth Circuit have regularly approved attorneys' fees awards with 2-3 times lodestar multipliers."). Given the quality of Class Counsel's work and results achieved in these circumstances, the lodestar multiplier supports the reasonableness of the requested fee.

Furthermore, Class Counsel anticipates expending a significant amount of time and work consummating this Settlement, participating in the final fairness hearing, assisting Settlement Class Members with their claims and answering their questions, and working with the Claims Administrator on claims administration and distribution of benefits to the Settlement Class. A significant amount of this work will never get presented to the Court for consideration, and is, thus, not directly compensable. Freeman Decl. ¶ 11. This means that by the time this case is brought to Final Approval, the lodestar "multiplier" while already negative, will be even lower once these additional attorney hours are expended. Accordingly, the "Customary Fee" factor fully supports the fees requested.

**6. Whether Fee is Fixed or Contingent**

Settlement Class Counsel took this case on a purely contingent basis. Freeman Decl. ¶ 9. The retainer agreement Settlement Class Counsel has with Plaintiff does not provide for fees apart from those earned on a contingent basis, and, in the case of Class Settlement, attorneys' fees would only be awarded to Class Counsel, if approved by the Court. *Id*. As such, attorneys' fees were not guaranteed in this case. *Id*. Class Counsel assumed significant risk of nonpayment of attorneys' fees. *Id*. Thus, Class Counsel took on these significant risks knowing full well their efforts may

not bear fruit. *Id*.

While Class Counsel was optimistic that Plaintiff's claims would prevail, they recognized the risk of nonpayment was substantial. *See, e.g., In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737 at *7 (N.D.Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries are always unpredictable."); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 315 (N.D.Cal. 2018) (noting that "many of the legal issues presented in [] data-breach case[s] are novel").

From the outset, Class Counsel undertook this complex and potentially lengthy litigation knowing there was significant and real risk as to whether they would be compensated. Despite the serious litigation risks, Class Counsel were able to obtain a settlement that provides significant present relief to the Class, including substantial monetary benefits. Class Counsel undertook a significant risk here and the Requested Fee and Cost Award should reflect that risk.

**7. Time Limitations Imposed by the Client or the Circumstances**

Courts have recognized that "[p]riority work that delays the lawyer's other legal work is entitled to some premium." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). The nature of a data breach class action requires attorneys to respond immediately to data breach notices. Freeman Decl. ¶ 9. Accordingly, this factor weighs in favor of granting the requested fees and costs award.

**8. Amount Involved and Results Obtained**

Class Counsel has obtained a claims-made Settlement that provides meaningful relief to Settlement Class Members who submit valid claims. Under the Settlement, Settlement Class Members may claim reimbursement for ordinary losses of up to $700 per person, including out-

of-pocket expenses and up to three hours of lost time at $25 per hour; extraordinary losses of up to $7,500 per claimant for documented and proven monetary losses; and twenty-four months of credit monitoring for Settlement Class Members who did not enroll in the two years of credit monitoring previously offered by Nucor. Nucor's aggregate obligation for Settlement Class Member Benefits is capped at $200,000, exclusive of settlement administration costs, which Nucor will pay separately. Given the risks, complexity, and uncertainty of this type of case, as well as the result obtained for the Class, the requested award of up to $100,000 for attorneys' fees and costs is reasonable.

**9. Experience, Reputation, and Ability of the Attorney**

Class Counsel and their firm successfully litigated numerous class actions involving privacy claims on behalf of tens of millions of consumers. Many of these cases involved some or all of the same legal issues as are presented in the current action. In these cases, Class Counsel successfully achieved class certification, settlements and judgments in varied factual scenarios. Currently, attorneys for Plaintiff are devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of their caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, Class Counsel serve in a variety of roles, oftentimes in various leadership positions. See Freeman Decl. ¶¶ 18-22. Class Counsel possesses the experience, reputation, and ability required to assure the Court this case was litigated to the fullest extent possible. This factor weighs in favor of granting the requested fees and costs award.

**10. Awards in Similar Cases**

"The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d

714, 719 (5th Cir. 1974). Courts in the Fourth Circuit typically award attorneys' fees in similar cases much higher than the award requested here. In response to a request for attorneys' fees, a Court "identified other data breach cases with significantly smaller settlement funds and/or fewer hours billed" *In re Capital One Consumer Data SEC Breach Litig.*, No. 1:19-md-2915 (AJT/JFA), 2022 U.S. Dist. LEXIS 213070, at *10 n.6 (E.D. Va. Nov. 17, 2022) and listed the following cases:

> *Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc.*, No. 20-10667, 2022 U.S. App. LEXIS 297, 2022 WL 40210, at *1-3 (11th Cir. Jan. 5, 2022) (reversing the district court's grant of 33 percent of the estimated $42.5 million common fund and instead awarding the lodestar of $11.733 million, which amounted to approximately 27.6 percent); *In re Wawa, Inc. Data Sec. Litig.*, No. 19-6019, 2022 U.S. Dist. LEXIS 72569, 2022 WL 1173179, at *2 (E.D. Pa. Apr. 20, 2022) (~$3 million in fees to be paid separately from $9 million class fund); *Pfeiffer v. Radnet, Inc.*, No. 2:20-cv-9553, 2022 U.S. Dist. LEXIS 125933, 2022 WL 2189533, at *2-3 (C.D. Cal. Feb. 15, 2022) (awarding 25 percent of a $2.6 million fund; class counsel billed 1,400 hours); *In re: Arby's Rest. Grp., Inc. Data Sec. Litig.*, No. 1:17-cv-1035, 2019 U.S. Dist. LEXIS 111882, 2019 WL 2720818, at *2-4 (N.D. Ga. June 6, 2019) (awarding 29.6 percent of the roughly $3.3 million maximum potential value of the settlement); *In re Heartland Payment Sys., Inc. Cust. Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1080, 1082 (S.D. Tex. 2012) (awarding 20 percent of ~$3 million settlement value; class counsel billed 1,960 hours). *Id.*

Each of those examples of lower attorneys' fees is higher—often significantly higher—than the amount requested by Class Counsel in this case. Given the comparison to similar types of cases, the fees and costs award requested here is reasonable.

### D. Plaintiff's Lodestar Survives Subtraction of Fees for Unsuccessful Claims

"After determining that the hours expended and the attendant rates requested by a lawyer for a prevailing party are reasonable, a court is obliged to 'subtract fees for hours spent on unsuccessful claims unrelated to the successful ones. *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013) (quoting *Grissom v. Mill Corp.*, 549 F.3d 313, 321 (4th Cir. 2008)). Here, none of Plaintiff's claims were dismissed, Plaintiff did not lose any motions, and Class Counsel efficiently litigated this case.

No subtraction is warranted, but even if the Court were to find cause for a reduction of the requested fees and costs award, the award would still be reasonable given the currently negative multiplier and higher fees typically awarded to attorneys.

### E. Plaintiff Has Litigated Successfully

Class Counsel has achieved a significant award for the Class that demonstrates the reasonableness of requested fees and costs award. A "district court must 'consider the relationship between the extent of success and the amount of the fee award.' The court will reduce the award if 'the relief, however significant, is limited in comparison to the scope of the litigation as a whole.'" *McAfee v. Boczar*, 738 F.3d 81, 92 (4th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 439-40 (1983)).

Here, Class Counsel obtained a claims-made Settlement that allows Settlement Class Members to claim ordinary losses of up to $700 per person, extraordinary losses of up to $7,500 per claimant, and twenty-four months of credit monitoring for Settlement Class Members who did not enroll in the two years of credit monitoring previously offered by Nucor. Nucor's aggregate obligation for Settlement Class Member Benefits is capped at $200,000, exclusive of settlement administration costs, which Nucor will pay separately. This award for Class Members equals or exceeds the recoveries in other similarly sized data breach class action settlement finally approved by courts[1]. All Class Members may claim the substantial benefits offered in this settlement. In light of the complexity, likely duration and expense of continued litigation, and the risk of establishing liability and damages at trial, this is an excellent result. *See Maddy v. General Electric*

[1] *See e.g. Linman v. Marten Transport*, No. 22-cv-204 (W.D. Wis.), $520,000 for 35,511 class members, $16.64 per person; *May v. Five Guys Enterprises*, Case No. 1:23-cv-00029 (E.D. Va.), $700,000 for 37,922 class members, $18.45 per person; *McKittrick v. Allwell Behavorial*, CH-2022-0174 (Muskingum County, OH), $650,000 for 31,000 class members, $20.97 per person.

*Co.*, CV-14-490-JBS-KMW, 2017 WL 2780741, at *7 (D.N.J. June 26, 2017) ("[T]here is tremendous benefit to the Class Members in light of the stage of the litigation, the remaining hurdles prior to even arriving at a trial date, and the risks associated with continued litigation"). Given the amount available to each Class Member, as well as the number of Class Members entitled to benefits, this factor strongly supports Class Counsel's fee request.

### F. Class Counsel's Request for Reimbursement of Expenses is Reasonable

"Counsel in common fund cases is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the case." *O'Hern v. Vida Longevity Fund, LP*, No. CV 21-402-SRF, 2023 WL 3204044, at *10 (D. Del. May 2, 2023). In this case, Class Counsel seeks an award of fees and costs in the amount of $100,000 (inclusive of the costs for the amount of $1,767); this award includes the reasonable expenses incurred to advance this litigation. *See* Freeman Decl. Ex. A-B. The expenses incurred here are typical in litigation, were necessary for the successful prosecution and resolution of the claims against Defendant and should be approved.

### G. The Requested Service Award is Reasonable

"At the conclusion of a successful class action case, it is common for courts, exercising their discretion, to award special compensation to the class representatives in recognition of the time and effort they have invested for the benefit of the class." *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05-cv-187, 2007 U.S. Dist. LEXIS 2392 at *4 (M.D.N.C. Jan. 10, 2007). Generally, "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000) (quotation omitted). Factors courts consider when deciding to give service awards include "the risk to the plaintiff in commencing

litigation, both financially and otherwise; the notoriety and/or personal difficulties encountered by the representative plaintiff; the extent of the plaintiff's personal involvement in the lawsuit in terms of discovery responsibilities and/or testimony at depositions or trial; the duration of the litigation; and the plaintiff's personal benefit (or lack thereof) purely in her capacity as a member of the class." *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2020 WL 1922902, at *33 (E.D. Pa. Apr. 21, 2020) (quoting *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014)). Federal district courts in the Fourth Circuit routinely approve service awards of $1,000 to $5,000. *See In re Capital One Consumer Data SEC Breach Litig.*, No. 1:19-md-2915 (AJT/JFA), 2022 U.S. Dist. LEXIS 213070, at *13 (E.D.Va. Nov. 17, 2022) (award of $5,000 for each class representative); (award of $5,000 for each class representative); *Rodriguez v. Riverstone Cmtys., LLC*, Civil Action No. 5:21-CV-486-CD, 2024 U.S. Dist. LEXIS 22802, at *7 (E.D.N.C. Feb. 2, 2024) (award of $7,000 for each class representative).

For his efforts on the case, Plaintiff seeks a modest Service Award in the amount of $2,000. Plaintiff was actively engaged in this action, including providing assisting in the investigation of the case, reviewing the Settlement documents, and answering counsel's many questions. Freeman Decl. ¶ 13. Moreover, the Service Award requested falls well below the upper range of service awards that have been approved by courts in the Fourth Circuit.

## IV. CONCLUSION

Class Counsel, with the help of Plaintiff, have made significant benefits available to Settlement Class Members. In return, Plaintiff seeks attorneys' fees and costs and service awards commensurate with those regularly approved by Courts sitting in Fourth Circuit. The attorneys' fees and costs and service awards are reasonable and should be approved.

Dated: June 1, 2026

Respectfully submitted,

*/s/ Mark T. Freeman*
Mark T. Freeman*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
sec@colevannote.com
mtf@colevannote.com

Joel R. Rhine, Esq
Ruth A. Sheehan, Esq.
**RHINE LAW FIRM, P.C.**
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
jrr@rhinelawfirm.com
ras@rhinelawfirm.com

Attorneys for Representative Plaintiff and the Plaintiff Class

*Admitted *Pro Hac Vice*

## CERTIFICATE RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Mark T. Freeman*
Mark T. Freeman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Mark T. Freeman*
Mark T. Freeman, Esq.